**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SHILOG, LTD.,                           )
                                        )
                Plaintiff,              )
                                        )
v.                                      )       Case No. CIV-13-273-KEW
                                        )
CARDINAL HEALTH, INC.; and              )
ALLEGIANCE HEALTHCARE,                  )
CORPORATION,                            )
                                        )
                Defendants.             )

<u>**OPINION AND ORDER**</u>

This matter comes before the Court on Plaintiff's Motion to
Remand (Docket Entry #16). The procedural history of this seven
year old case is both protracted and somewhat perplexing. In an
effort to avoid adding to the confusion, this Court will attempt to
recite its understanding of the facts developed thus far.

On October 17, 2006, Plaintiff Shilog, Ltd. ("Shilog") filed
an action in the District Court in and for Pittsburg County,
Oklahoma against Defendants Cardinal Health, Inc. and Allegiance
Healthcare Corporation (collectively referred to as "Cardinal").[1]
The Petition alleged that Shilog acted as a supplier of medical and
surgical products to various government defense facilities pursuant

---

[1] Without belaboring a point this Court has previously made in the
order remanding this case the first time, the defendants named in the
original Petition were "Cardinal Health, Inc." and "Allegiance Healthcare
Corporation." Somewhere along the line, the Allegiance defendant morphed
into a defendant identified as "CH200, LLC, formerly known as and
erroneously sued as Allegiance Healthcare Corp." within the styling of
this case. Both parties have utilized this reference. This leaves the
Court pondering why the pleadings have not been properly amended in seven
years to name the appropriate defendants. Because this has not been
accomplished, this Court will maintain the identity of the Defendants as
they are in the record - as they are named in the state court Petition.

to a Distribution and Pricing Agreement ("DAPA"). At some point, Cardinal entered into a Prime Vendor Agreement with the Department of Defense to act as a clearinghouse for the distribution of medical supplies from the various DAPA suppliers. The Petition alleges Cardinal was to utilize a demarcation system whereby products supplied exclusively by Shilog would have an "SH" after the product number. Cardinal allegedly violated the terms of the DAPA program by not satisfying the government facilities' orders for products that should have been fulfilled by Shilog in accordance with its DAPA. Shilog contended that Cardinal was causing products to be sold directly from the manufacturers rather than through Shilog as required by the DAPA, which deprived Shilog of the proceeds from the sale of these products.

In the Petition, Shilog specifically identifies two claims, both based in state law. The first is referenced as "wrongful interference with business relationships," whereby Shilog alleges Cardinal was aware of existing business relationships with third party customers and manufacturers to make it the exclusive distributor of medical and surgical products and equipment to government facilities. Shilog stated that Cardinal intentionally interfered with these relationships by not ordering products from Shilog that it was exclusively distributing.

The second claim identified as a "violation of Oklahoma Antitrust Reform Act," alleges Cardinal possesses marketing power throughout the United States, including Oklahoma. Shilog contends Cardinal has restrained trade with manufacturers of medical

products and equipment and government facilities such that there was a resulting detrimental effect upon the market and competition in violation of Oklahoma's antitrust laws.

On November 22, 2006, Cardinal filed a Notice of Removal, contending diversity of citizenship existed between the parties. Cardinal was not, however, able to prove the requisite jurisdictional amount was in dispute in this action and this Court remanded the case to state court by the Opinion and Order entered April 25, 2007.

On April 24, 2013, Cardinal filed a motion to dismiss in the state court action, alleging federal preemption and the existence of federal questions. On May 20, 2013, Shilog responded to the Cardinal's motion. The state court denied the motion to dismiss on May 23, 2013. On June 19, 2013, Cardinal filed a second Notice of Removal, asserting federal preemption and the existence of federal questions as a basis for federal court jurisdiction.

In response, Shilog filed the subject request to remand the case to state court. Shilog contends this action cannot be removed because (1) the claims asserted are based solely upon state law; (2) Cardinal's removal is untimely because they were on notice of the basis for removal well in advance of the filing of the second Notice of Removal; (3) the attempt to remove this case represents a second attempt to interject federal questions into the action after unsuccessfully making the same arguments to the state court in their motion to dismiss; and (4) federal preemption does not apply to the facts of this case. In their response, Cardinal

counters that (1) Shilog's motion to remand was not filed timely;
(2) Shilog's state law claims are removable because they entail a
federal question; (3) Cardinal's second Notice of Removal was filed
timely; and (4) the propriety of the removal of this action does
not turn upon the applicability of federal preemption.

## Timeliness of Shilog's Motion to Remand

A motion to remand a removed case "on the basis of any defect
other than lack of subject matter jurisdiction" must be filed
within 30 days after the filing of the notice of removal. 28
U.S.C. § 1447(c). The source of confusion lies in the
interpretation of this Court's unique procedure for electronically
filing cases. Because plaintiffs and their counsel are not
permitted to electronically file initial pleadings, the current
procedure in this District calls for counsel to electronically
submit a cover sheet and a copy of the initial pleading whereupon
the shell of the case is set up by Court Clerk's office staff and
the cover sheet alone is filed. A minute order is entered which
advises counsel to file the initial pleading and pay any applicable
filing fee within a period of time. Consequently, some delay may
actually occur between the submission of the cover sheet and the
initial pleading and the actual electronic filing of the initial
pleading. In order to clarify this problem and the actual filing
date, General Order No. 12-05 was entered by this Court in order to
establish the filing date of the initial pleading as the date of
the electronic mail message that originally contained the initial
pleading. Needless to say, the clarification came somewhat short

4

of expectations because (1) the submission date of the e-mail and the electronically stamped filing date on the face of the initial pleading often are different; and (2) as in this case, the General Order can be interpreted as meaning the filing date is considered the date of the e-mail which contained the Notice of Electronic Filing of the initial pleading as Shilog argues in this case. The Notice of Electronic Filing which Shilog's counsel received showed an entry on docket date for the Civil Cover Sheet as June 19, 2013 but a filing date of June 18, 2013. Shilog received this e-mail on June 19, 2013 and considered this the date from which the 30 day deadline for filing a motion to remand to run. 28 U.S.C. § 1447(c). While this may not reflect the intended meaning of General Order 12-05, it represents a reasonable interpretation of the General Order and the Court's rather confusing procedure. This Court will not as a matter of equity consider Shilog's motion to remand as untimely based upon this confusion over one day.

## Timeliness of Cardinal's Removal

The primary argument in favor of remand urged by Shilog surrounds whether the removal of this action by Cardinal was timely given the information Cardinal had prior to the filing of the notice of removal. Clearly, Shilog has never filed an amendment to the original Petition filed in the state court action such that the two state law claims were altered or amended and it maintains only those two claims to date. Additionally, while Cardinal contends the involvement of a government contract in this action contributes to federal question jurisdiction and preemption, the United States

5

is not now nor has it ever been a named party to this case.

Since Cardinal does not assert it learned of the removability of this action through the initial pleading, the timing for the filing of the notice of removal in this case is governed by 28 U.S.C. § 1446(b)(3), which states in pertinent part:

> . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable.

In this instance, Cardinal contends it first learned of the issue which gives rise to the removal of this action through a response Shilog filed to Cardinal's motion to dismiss on May 20, 2013 while the action was pending in state court. It then filed its Notice of Removal within the 30 days of the filing of the response on June 19, 2013. The question presented is whether Shilog's response to the motion to dismiss was the first instance which should have given Cardinal notice of the potential involvement of federal question jurisdiction or federal preemption which formed the basis for removal.

Shilog offers three prior events during the pendency of this lawsuit which indicates Cardinal knew or should have known of the existence of the same issues which Cardinal asserts made this action subject to removal to federal court. Shilog first alleges that the state court Petition put Cardinal on notice that government contract known as the Prime Vendor Agreement was at

issue in this lawsuit. Specifically, Shilog stated in the Petition that it was a DAPA holder providing medical products for government facilities pursuant to the Prime Vendor Agreement. Shilog also proffers the depositions of its expert witness, Mitch Cooper, as proof that the topic of the Prime Vendor Agreement and prime vendors were referenced numerous times during the course of three depositions of Cooper. Mr. Cooper's depositions were taken on December 15, 2008, January 26, 2012, and August 30, 2012. Finally, Shilog contends Cardinal became aware of the involvement of government contracts and therefore potentially a federal question at the latest prior to the filing of its motion to dismiss in state court on May 20, 2013.

For its part, Cardinal contends the defining event which put it on notice of the removability of this case was Shilog's reference in its response to Cardinal's Motion to Dismiss as being a "third party beneficiary" of the contract between the government and Cardinal. The use of this term was a "game changer," in Cardinal's vernacular which first provided it with a basis for federal jurisdiction and made federal preemption an issue. This Court will examine the sufficiency of each of the earlier events identified by Shilog.

The Petition certainly refers to the DAPA program and Cardinal as a prime vendor. However, the source of damages sought in the Petition was strictly limited to the interference between Shilog

and its third party customers and manufacturers by Cardinal in failing to maintain Shilog's exclusivity with regard to certain products provided to those customers. The Petition also seeks damages from Cardinal restraining Shilog's trade with the manufacturers and government facilities which allegedly causes detrimental effects upon the market and competition in violation of the Oklahoma Antitrust Reform Act. Nothing in any of these allegations would put Cardinal on notice other than oblique references that would have implicated federal law or federal preemption. The sparse allegations contained in the Petition limited the source of damages from the direct relationship and agreement between Shilog and Cardinal. The Prime Vendor Agreement, while referenced, did not form the basis for damages. Thus, the face of the Petition was insufficient to place Cardinal on notice of the removability of the action.

Shilog also relies upon the testimony of Mr. Cooper to put Cardinal on notice of a potential federal question. Certainly, the Tenth Circuit has determined that a deposition constitutes an "other paper" under § 1446(b) for purposes of removal of an action. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999)(citation omitted). When a deposition is used as an "other paper", "the removal period commences with the giving of the testimony, not the receipt of the transcript." Id.

A review of Mr. Cooper's deposition of December 15, 2008 demonstrates that the testimony provided at that time largely centered on Mr. Cooper's background, the source of his knowledge, and his understanding of the DAPA and the manner in which it functions with the prime vendor. Mr. Cooper also provided a base of understanding for the creation of the prime vendor program as opposed to continuing under the old system where DAPA participants dealt directly with the government facilities and the manufacturers. Mr. Cooper testified that the intent of the prime vendor program at its inception was to provide materials in a timely manner and much more efficiently to reduce the overall cost of government in supplying its facilities. *First Cooper Depo.*, p. 151, ll. 1-5.

Mr. Cooper also discussed the allegation made by Shilog as this lawsuit has progressed that the government has made some of its prime vendors, including Cardinal, DAPA contractors, providing product to various facilities from manufacturers in direct competition to DAPA holders such as Shilog. *First Cooper Depo.*, p. 221, ll. 4-25; p. 222, ll. 1-22; p. 223, ll. 24-25; p. 224, ll. 1-25; p. 225, ll. 1-10. Mr. Cooper testified concerning violations of the "program" in allowing a prime vendor to also act as a DAPA. This information touches upon the potential involvement of the government contract and Shilog's status as a beneficiary.

In his second deposition on January 26, 2012, Mr. Cooper

testified concerning the establishment of the prime vendor program by the Department of Defense and the deviation from acquisition rules that was required to do so. Mr. Cooper also discussed whether Cardinal as a prime vendor could also act as a DAPA under the program and under the contract with the Department of Defense. *Second Cooper Depo.*, p. 34, ll. 14-25; p. 35, ll. 1-25; p. 36, ll. 1-8. Mr. Cooper was critical of the government's apparent allowance of Cardinal to act in both capacities to the detriment of smaller DAPAs such as Shilog. *Second Cooper Depo.*, p. 74, ll. 17-25, p. 75, ll. 1-25; p. 76, ll. 1-7; p. 77, ll. 21-25; p. 78, ll. 1-25, p. 79, ll. 1-25; p. 80, ll. 1-14.

In his third deposition of August 30-31, 2012, Mr. Cooper specifically discussed the problems with the government contract and contractors and the manner in which the contract was administered. More telling is Mr. Cooper's use of the government contract to calculate potential damages arising from this lawsuit. *Third Cooper Depo.*, p. 550-585.

While the use of the term "third party beneficiary" does not arise during this deposition, it is clear that the government contract with Cardinal is at the center of the damage calculation or, at worst, will be referenced by Shilog's expert in order to arrive at a damage calculation. To be clear, the term "third party beneficiary" in Shilog's response did little to change the landscape of this action. Shilog's damage calculation always

flowed through the government contract but did not rely upon it as a part of its base claims. This was not altered by the use of the term. Cardinal should have known this fact as early as Cooper's third deposition in August of 2012.

Moreover, the filing of its motion to dismiss specifically based upon federal preemption demonstrates Cardinal's knowledge of the issue. Cardinal's motion alleges "[e]ach and every allegation supporting Shilog's Petition arises from [Cardinal's] Prime Vendor contract with the United States Department of Defense." Cardinal set forth the various references to the government contract and the relationship of that contract with Shilog's claims in this action. *Defendants' Motion to Dismiss Plaintiff's Petition*, Exh. 2 to Shilog's Reply (Docket Entry #34). Cardinal urged that the state court find federal law preempted any state law claims asserted by Shilog. Certainly, by the time this document was filed on April 24, 2013 or more reasonably sometime before the filing, Cardinal was aware that the government contract represented a source for Shilog's damage calculation, even stating "all of Shilog's claims arise directly from [Cardinal's] contract with the DoD to provide medical products to the military's medical treatment facilities." As such is the case, this Court concludes Cardinal did not seek a timely removal of this action from state court since it's Notice of Removal was not filed within 30 days of when it could first ascertain that the case was removable.

Because the removal was untimely, this Court need not address the issue of federal preemption to which much of the briefing was directed. Indeed, the state court is in an equally qualified position as this Court to apply federal law and consider the preemption of federal law should that argument be presented to it once again.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Docket Entry #16) is hereby **GRANTED**. Accordingly, this case is hereby **REMANDED** to the District Court in and for Pittsburg County, Oklahoma.

IT IS SO ORDERED this 31st day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE